Murphy, J.
The plaintiff Association seeks to enjoin the Fall River Housing Authority (FRHA) from completing the bidding process relating to a federally funded housing modernization project in Fall River referred to as Hillside Manor, Mass Project 6-3 (project).
The plaintiff and potential subcontract bidders added by way of amendment to the complaint request a declaration that the FRHA must comply with the provisions of G.L.c. 149, §44F requiring filed sub-bids on the project.
*64 Background
The Fall River Housing Authority, created pursuant to G.L.c. 121B(3), is a public agency for the purposes of G.L.c. 149, §44A(1), the public bidding statute.
Chapter 121B, §11 permits the FRHA, in addition to its general powers, “to act as agent of, or to cooperate with the federal government in any clearance, housing, relocation, urban renewal or other project which it is authorized to undertake.”
The plaintiffs assert and the FRHA agrees that it did not follow the bidding procedure established by §44F of c. 149 requiring sub-bids on any project estimated to exceed $10,000. The FRHA project is estimated to cost between ñve and ten million dollars (Agreed Statement of Facts).
In its contract with FRHA, HUD has to provide full funding for the project pursuant to a Comprehensive Grant Program under 42 U.S.C. §1437(1), the United States Housing Act, and is subject to regulations governing the use of grant money which appear in 24 CFR Part 968 and 24 CFR Part 85 (Agreed Statement of Facts).
The plaintiffs allege that the bidding procedure adopted by FRHA does not comply with said Sections 44A-L but FRHA contends that it is exempt from complying with the Massachusetts bidding procedure because it is acting as an agent for the federal government on a project financed entirely with federal funds.
Discussion
Section 44H provides that the Commissioner of Labor and Industries or his designee “shall enforce Sections 44A to 44H and shall have all the necessary powers to require compliance herewith including the power to institute and prosecute proceedings in the Superior Court to restrain the award of contracts and the performance of contracts in all cases above. After investigation of the facts, he has made a finding that such award or performance has resulted in violation, directly or indirectly, of the provisions of §§ 44A to 44H” and other statutes.
It is clear that the Department of Labor and Industries is responsible for enforcing the statutory scheme. Modern Continental Construction Co. v. Lowell, 391 Mass. 829 (1984). The Court is aware of the general rule that courts of equity will not interfere to decide questions which have been committed by law to the determination of public officers. Quincy Ornamental Iron Works, Inc. v. Findler, 353 Mass. 85 (1967). However, counsel advised the Court that recent legislative funding or lack thereof, and transfers of positions to another constitutional office and a veto of the transfer legislation by the Governor has left the Department dysfunctional at the moment. See the Boston Herald, Thursday, July 20, 1993 at page 28.
Because of some urgency to get the project started, the Court will accept the action for decision and put aside questions of jurisdiction of the Court and the standing of the plaintiffs.
In addition, it is the perception of this Court that the plaintiffs have chosen to bypass the Department for the reason that the Department has made decisions unfavorable to the plaintiffs position in several recent decisions, including a decision on the demolition phase of this project.
In several decisions, on the same or similar facts, the Department has determined that a housing authority was acting as an agent of the federal government on a federal project financed entirely with federal funds and that the provisions of §§44A-H were inapplicable. See Tabs 4, 5, 6 and 7 of Appendix of the FRHA.
An analysis of the Department’s reasoning is set forth in a bid protest decision dated April 17, 1990 relating to a project of the Lowell Housing Authority, a copy of which is attached to this decision. 
A careful review of the documents submitted in the instant action disclose that the FRHA is functioning exclusively as an agent of the federal government, using only federal funds (that must be segregated for the project) on a federally-controlled project in a federally-operated building with tenants from a federal tenant list. Under these circumstances, the FRHA is not acting as an instrumentality of the Commonwealth or a political subdivision of the Commonwealth within the meaning of c. 149, §44A.
With reference to both the demolition phase and the construction phase of this FRHA project, the United States department of Housing and Urban Development (HUD) advised FRHA by letters dated March 1, 1993 (Tab 8) and July 1, 1993 (Exhibit 1) that FRHA was acting exclusively as an agent for the federal government and exempt from the provisions of §§44A-H. (Exhibit 1 attached.*)
At the hearing, the plaintiff pointed to the sub-bid procedure and tabulation of sub-bids (Exh. 2) of the Cambridge Housing Authority on its Newtowne Court (Mass. 3-5) Comprehensive Modernization Project to indicate that similar federally funded projects have followed the Massachusetts procedure set out in §§44A-H (Exh. 2).
By letter dated July 23, 1993, counsel for the plaintiffs informed the Court that the Cambridge project was not wholly federally funded but included $4,900,000 in funds of the Commonwealth. This Court appreciates this timely correction of the record by counsel for the plaintiffs.
Under the facts and circumstances of this case, the Court determines the FRHA is acting as an agent for the federal government on this project and that the plaintiffs are not entitled to injunctive relief as demanded.
ORDER
Accordingly, it is ORDERED that entry be made
1. DENYING injunctive relief as requested in Prayer 1 of the Complaint, and
*65 2. declaring that the Fall River Housing Authority is exempt from complying with the provisions of c. 149, §§44A-H in inviting bids and awarding a contract or contracts for the modernization of Hillside Manor, Mass. Project 6-3.